# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**JOSEPH CHARLES FREY,**
    **Petitioner,**

  **v.**            **Case No.  08C0347**

**BRADLEY HOMPE,**
    **Respondent.**

---

## ORDER

On April 24, 2008, Joseph Charles Frey filed this petition pursuant to 28 U.S.C. § 2254.  The petition challenges a 1991 judgment of conviction for first- and second-degree sexual assault, false imprisonment and burglary.  Petitioner alleges that he is serving a 42-year sentence under this judgment.  However, petitioner also alleges that, in 1993, the Wisconsin Court of Appeals reversed that judgment and remanded for a new trial.  The present petition relates to the effect of that reversal.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, I must give the case prompt initial consideration.

> If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified.  Otherwise the judge shall order the respondent to file an answer.

Rule 4, Rules Governing § 2254 Cases.  During my initial review of habeas petitions, I look to see whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Petitioner first claims that he "was denied Due Process rights when Circuit Court failed to follow orders handed down by Court of Appeals, i.e.: 'Judgment Reversed and

Cause Remanded for New Trial.'" (Petition at 6.) Second, petitioner claims that "Court of Appeals denied Petitioner his State and Federal Due Process rights when they failed to review improper actions taken by the Circuit Court." (Id. at 7.) Third, petitioner alleges that "Circuit Court denied petitioner access to the courts when it took ten years to issue an Amended Dismissal/Acquittal Judgment of Conviction. Wisconsin Supreme Court failed to enforce their own rules on the grounds as listed above, which again denied Petitioner his rights to due process." (Id. at 8.) Fourth, petitioner claims that "Petitioner was not given a new trial as ordered by Court of Appeals." (Id. at 9.) Petitioner's fourth claim is a repeat of his first claim, thus I will dismiss it without further discussion.

Petitioner attached to his petition a copy of a 1993 decision by the state court of appeals reversing the judgment of conviction that petitioner seems to be challenging here, along with a 1995 court of appeals order denying petitioner's "petition for clarification" of the 1993 opinion; a 2007 state supreme court order denying petitioner's petition for a writ of habeas corpus; some correspondence between petitioner and the supreme court's clerk of court; and a 2003 letter from a prison official to the clerk of court stating that "[o]n February 24, 1995, the Court of Appeals reversed the judgment on [petitioner's] case. The circuit court then amended the judgment. I believe that the case was vacated or [petitioner] was sentenced to time served." (Petitioner Att. D.) That letter sought information relevant to petitioner's prison file. In addition, petitioner attached to his petition a copy of an "Amended Judgment," signed in 2002, which notes that a jury found petitioner not guilty of burglary or false imprisonment in 1991 and that petitioner pleaded no contest to second-degree sexual assault in 1991. He also attached a copy of a judgment of acquittal,

2

also signed in 2002, which notes that the prosecutor dismissed charges of first-degree sexual assault and second-degree sexual assault.

The present petition and attachments are confusing. Petitioner is challenging a judgment of conviction that he alleges has been reversed. Petitioner seems to be asserting that various state courts violated his right to due process of law by refusing to release or retry petitioner pursuant to a court of appeals mandate or by delaying action on the mandate. The documents that petitioner has attached to his petition do not clarify what happened after the court of appeals issued its mandate and do not illuminate whether petitioner has exhausted his state court remedies for any claims regarding the mandate. I could order petitioner to clarify the basis for his claims, but I believe that respondent is in a better position to do so. Respondent has access to all of the court records regarding petitioner's state court proceedings. Thus, because petitioner's due process rights would indeed be implicated if the state court of appeals reversed his conviction but the appropriate parties failed to take action on the court's mandate or delayed acting on it such that it prejudiced petitioner, I will order respondent to answer the petition. Respondent need not answer petitioner's fourth ground for relief because, as stated, it is duplicative of his first ground for relief.

**Therefore,**

**IT IS ORDERED** that within thirty (30) days of the date of this order respondent **ANSWER** the petition, complying with Rule 5 of the Rules Governing § 2254 Cases, and showing cause, if any, why the writ should not issue.

3

**FURTHER, IT IS ORDERED** that unless respondent files a dispositive motion with its answer the parties shall abide by the following schedule regarding the filing of briefs on the merits of petitioner's claims: (1) petitioner shall have forty-five (45) days following the filing of respondent's answer within which to file his brief in support of his petition; (2) respondent shall have forty-five (45) days following the filing of petitioner's initial brief within which to file a brief in opposition; and (3) petitioner shall have thirty (30) days following the filing of respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief with its answer, this briefing schedule will be suspended and the briefing schedule will be as follows: (1) petitioner shall have forty-five (45) days following the filing of respondent's dispositive motion and supporting initial brief within which to file a brief in opposition; and (2) respondent shall have thirty (30) days following the filing of petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7.1(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by respondent must not exceed thirty pages and reply briefs must not exceed fifteen pages, not counting any statements of facts, exhibits, and affidavits.

Petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, no matter whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Gregory Weber at the address below.

Pursuant to Rule 4 of the Rules Governing § 2254 Cases, copies of the petition and this order will be mailed to respondent Pamela Wallace and to the Attorney General for the

4

State of Wisconsin, c/o Gregory Weber, Assistant Attorney General, P.O. Box 7857, Madison, WI 53707.

Dated at Milwaukee, Wisconsin, this 29 day of April, 2008.


/s_____
LYNN ADELMAN
District Judge

Case 2:08-cv-00347-LA   Filed 04/29/08   Page 5 of 5   Document 2